UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

GRIFFUS et al.,

      Debtors.

_____/          Case No. 19-cv-10577
                                            HON. GERSHWIN A. DRAIN
THOMAS W. McDONALD, as Trustee of the
Estate of GRIFFUS et al.,

      Appellant,

vs.

WILDFIRE CREDIT UNION,

      Appellee.
_____/

## **ORDER AFFIRMING THE BANKRUPTCY COURT'S DENIAL OF APPELLANT'S MOTION FOR RECONSIDERATION**

### **I. INTRODUCTION**

Before the Court is Appellant Thomas W. McDonald's appeal of a final order entered by the Bankruptcy Court denying Appellant's Motion to Alter/Amend Judgment or for Reconsideration. Dkt. No. 5. Appellant asserts that the Bankruptcy Court erred by 1) excluding from its motion for sanctions order its finding that Appellee Karl Wenzloff was not authorized to sign a creditor's Proof of Claim; 2) failing to order sanctions against opposing counsel for signing and

filing an unauthorized proof of claim; and 3) allowing opposing counsel to inform the Bankruptcy Court about a pending grievance and altering deadlines to accommodate opposing counsel's request for an order without sanctions to help him in his grievance proceeding. For the reasons discussed below, the Court will affirm the Bankruptcy Court's denial of Appellant's motion for reconsideration.

## II. FACTUAL BACKGROUND

In July of 2014, Debtor Elizabeth Lara-Griffus obtained a loan from Appellee Wildfire Credit Union ("Wildfire"). Dkt. No. 6, pg. 5 (Pg. ID 382). A 2004 Chevrolet Trailblazer secured the loan, such that Wildfire could take possession of the vehicle in the event of a default. *Id.* The Debtor defaulted on making payments on the loan, and Wildfire repossessed the Trailblazer on April 8, 2017. *Id.* Best Recovery Storages in Saginaw stored the vehicle. *Id.*

The Debtor filed for bankruptcy on May 17, 2017. Dkt. No. 5, pg. 10 (Pg. ID 347). Appellant Thomas W. McDonald was appointed to administer the Chapter 13 bankruptcy case for the Debtor. *Id.* Mr. McDonald contacted Wildfire and requested the Debtor's vehicle be returned. *Id.* Wildfire was willing to comply, but Best Recovery Services would not release the vehicle until the Debtor paid $1.035.00 in storage fees. *Id.* Wildfire arranged with Best Recovery Services for immediate release of the Trailblazer in order to avoid a stay violation action. *Id.* at pg. 6 (Pg. ID 383). Wildfire would then file a claim in the bankruptcy case for the

storage fees, which could be recovered from the estate. *Id.* Best Recovery Services sent an invoice to Wildfire Credit Union totaling $1,035.00 for the Trailblazer storage fees. *Id.*

Wildfire then advised its attorney, Karl Wenzloff, about the agreement reached with Best Recovery Services for release of the Trailblazer. *Id.* Wildfire forwarded Mr. Wenzloff the invoice it received from Best Recovery Services so that he could file a Proof of Claim[1] on behalf of Best Recovery Services. *Id.* Mr. Wenzloff believed that Best Recovery Services agreed to release the Trailblazer immediately before any payment of storage fees, and Wildfire would file a Proof of Claim on behalf of Best Recovery Services. *Id.* at pgs. 6–7 (Pg. ID 383–384). Therefore, Mr. Wenzloff prepared and filed a Proof of Claim on September 27, 2017. *Id.* at pg. 7 (Pg. ID 384). Mr. McDonald, the Chapter 13, Trustee, filed an objection to the claim on October 23, 2017. *Id.* Mr. Wenzloff withdrew the claim on November 30, 2017 after talking to Wildfire and learning that Wildfire would pay the storage fee directly to Best Recovery Services. *Id.* Mr. McDonald then withdrew his objection to the Proof of Claim. *Id.*

---

[1] A proof of claim is paperwork that a creditor files with the court in order to register a claim against the assets of an estate. The claim describes the amount that is owed to the creditor.

One year later, on November 1, 2018, Appellant, Mr. McDonald, filed a motion for sanctions against Karl Wenzloff, Paul Wenzloff, and Wildfire. *Id.* at pgs. 7–8 (Pg. ID 384–85). The motion alleged that Wildfire had not given Mr. Wenzloff authority to file a Proof of Claim on its behalf. *Id.* at pg. 8 (Pg. ID 385). The motion argued that filing a Proof of Claim without authority to do so constituted perjury and fraud. *Id.* On December 21, 2018, the Bankruptcy Court held a hearing on the motion for sanctions and Appellant agreed to dismiss Wildfire as a defendant to the motion. *Id.* The Bankruptcy Court concluded that Mr. Wenzloff did not have authorization from Best Recovery to file a Proof of Claim. Dkt. No. 3, pg. 214 (Pg. ID 255). However, the court noted that "he ha[d] authorization through [Wildfire] which had an agency relationship and a contract relationship with Best Recovery[.]" *Id.* Therefore, the court did not issue any sanctions against Mr. Wenzloff, other than admonishing him for signing the Proof of Claim. *Id.*

On January 4, 2019, Appellant contends that the Bankruptcy Court held an in-chambers, off-the-record meeting in an unrelated case between the parties. Dkt. No. 5, pg. 13 (Pg. ID 350). During the meeting, Appellee Paul Wenzloff informed the court about a grievance filed against him and requested the court expedite an entry of an order in the *Griffus* matter so that Mr. Wenzloff could include it in his response to the grievance commission's investigation. *Id.* Appellant then states that

the court entered an order on January 9, 2019 with an accelerated deadline for the parties to submit proposed orders on the court's motion for sanctions in order to accommodate Mr. Wenzloff's request. *Id.*

On January 10, 2019, the Bankruptcy Court denied the Appellant's Motion for Sanctions. Dkt. No. 3, pgs. 250–51 (Pg. ID 264–65). The order denying sanctions stated that the Court directed both parties to submit proposed orders on the motion for sanctions. *Id.* at pg. 250 (Pg. ID 264). The order further stated that the parties could not agree on the language for the order, so the Bankruptcy Court entered its own order. *See id.* The order concluded that Wildfire Credit Union was dismissed from the motion for sanctions and that no sanctions would be awarded for the reasons stated in court. *Id.* On January 23, 2019, Appellant filed a motion to alter, amend judgment or for reconsideration of the Court's January 10, 2019 order denying sanctions. Dkt. No. 3, pg. 252 (Pg. ID 266). The Bankruptcy Court denied Appellant's reconsideration motion on February 13, 2019, stating that any additional findings requested by the Appellant were not relevant to the case. Dkt. No. 1, pg. 8–9 (Pg. ID 8–9).

Appellant filed a Notice of Appeal with this Court on February 26, 2019. Dkt. No. 1. Appellant filed his appeal brief on April 26, 2019, requesting that this Court review the Bankruptcy Court's denial of Appellant's motion for

reconsideration. Dkt. No. 5. Appellees Wildfire Credit Union, Paul Wenzloff, and Karl Wenzloff filed their response brief on May 23, 2019. Dkt. No. 6.

### III. LEGAL STANDARD

This Court reviews the denial of a motion for reconsideration filed pursuant to Fed. R. Civ. P. 59(e) under the abuse of discretion standard. *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 800 (B.A.P. 6th Cir. 2008). The abuse of discretion standard requires that the lower court's decision making process be "reasonable." *Id.* Motions for relief from a final judgment or order pursuant to Fed. R. Civ. P. 60(b) are also reviewed for abuse of discretion. *Id.* at 801.

### IV. DISCUSSION

Appellant appeals the Bankruptcy Court's denial of Appellant's motion for reconsideration. Appellant's motion for reconsideration stated that the Bankruptcy Court's order on the motion for sanctions omitted several important rulings. Dkt. No. 3, pg. 254 (Pg. ID 268). The motion for reconsideration asserted that the order omitted its finding that Karl Wenzloff was not authorized to file the Proof of Claim and its ruling that the one-year account history should be provided in other Wildfire claims. *Id.* The motion further stated that the above were "critical findings which rightfully should [have] been included in the Court's final order." *Id.* at pg. 255 (Pg. ID 269). The Bankruptcy Court denied Appellant's reconsideration

motion on February 13, 2019, stating that any additional findings requested by the Appellant were not relevant to the case. Dkt. No. 1, pg. 8–9 (Pg. ID 8–9).

Appellant's Brief on Appeal states that the Bankruptcy Court abused its discretion by 1) excluding from its motion for sanctions order its finding that Karl Wenzloff was not authorized to sign a creditor's Proof of Claim; 2) failing to order sanctions against opposing counsel for signing and filing an unauthorized proof of claim; and 3) allowing opposing counsel to inform the Bankruptcy Court about a pending grievance and altering deadlines to accommodate opposing counsel's request for an order without sanctions to help him in his grievance proceeding. Dkt. No. 5, pg. 17 (Pg. ID 354).

First, this Court notes that Appellant raises issues in his Appeal Brief that are not properly before this Court. In general, a federal appellate court does not consider an issue that the lower court did not consider. *In re Morris*, 260 F.3d 654, 663 (6th Cir. 2001). Here, Appellant may appeal the Bankruptcy Court's denial of his motion for reconsideration. The court's order denying reconsideration concerns the issue of the Bankruptcy Court failing to include in its motion for sanctions that Karl Wenzloff was not authorized to file the Proof of Claim. Therefore, Appellant's first issue brought on appeal is proper. However, the Bankruptcy Court's motion for reconsideration does not concern the court's failure to order sanctions against opposing counsel or allowing opposing counsel to inform the

Bankruptcy Court about a pending grievance. Appellants second and third claims are therefore brought improperly.

Regarding Appellant's first claim, the Bankruptcy Court concluded that Mr. Wenzloff did not have authorization from Best Recovery Services to file a Proof of Authorization. However, the court also reasoned that Mr. Wenzloff had authority from Wildfire, and Wildfire had an agency relationship with Best Recovery Services. Therefore, the court concluded that it would not issue sanctions against Wenzloff.

The Bankruptcy Court reasoned that agency relationships did exist between the parties and admonished Mr. Wenzloff on the record. So the court, in its discretion, decided that the fact that Mr. Wenzloff did not have authority to file the Proof of Claim was not material to its order denying sanctions. Based on the Bankruptcy Court's conclusions, this Court concludes that the Bankruptcy Court did not abuse its discretion by excluding from its order for sanctions the fact that Wenzloff was not authorized to sign a creditor's Proof of Claim.

This Court is not required to consider Appellant's second argument brought on appeal because it is not applicable to the Bankruptcy Court's order denying reconsideration. However, for the same reasons outlined above, the Court would conclude that the Bankruptcy Court did not abuse its discretion by failing to order

sanctions against opposing counsel. A court has inherent power to sanction when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or when the conduct was "tantamount to bad faith." *United States v. Aleo*, 681 F.3d 290, 305 (6th Cir. 2012). The Bankruptcy Court concluded that Mr. Wenzloff did not act in bad faith. Therefore, the court properly exercised its discretion by not imposing sanctions.

Lastly, Appellant argues that the Bankruptcy Court abused its discretion by allowing opposing counsel to inform the court about a grievance pending against him and altering deadlines in order to accommodate his request for an order denying sanctions. This is the first time that Appellant has asserted this argument; thus, it is not properly brought in this appeal. *In re Morris*, 260 F.3d 654, 663 (6th Cir. 2001).

However, if this Court did consider this argument, it would conclude that the Bankruptcy Court did not abuse its discretion. There is no rule that prevents an expedited submission process, and Appellant cites no authority to this Court that an expedited submission process is prohibited.

## V. CONCLUSION

For the reasons discussed herein, the Court will affirm the Bankruptcy Court's order denying Appellant's motion for reconsideration.

SO ORDERED.

Dated: August 6, 2019

                                                      s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
August 6, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager